## EASTERN RAILROAD COMPANY *vs.* BOSTON AND MAINE RAILROAD.

A statute authorized a railroad company to take for a passenger station land occupied by another railroad. The by-laws of the company provided that the directors might purchase all real estate they deemed needful for the railroad, and exercise all powers granted to the company by their charter for the purpose of locating, constructing and completing the railroad, and all other powers necessary and proper to carry out the objects of the company and the purposes of their charter. *Held,* that an acceptance of the statute by the stockholders was not necessary to authorize the directors to take the land.

A statute authorized a railroad company to take a parcel of land after thirty days' notice, and provided that all general laws relating to the location of railroads should govern the taking. *Held,* that the location over the land might be filed before the expiration of the thirty days.

A statute authorized a railroad company to take for railroad purposes land occupied by another railroad company, and provided that all general laws relating to the taking of land for railroad purposes should govern the proceedings. *Held,* that the statute was constitutional, although the company whose land was taken was thereby deprived of part of its business.

BILL IN EQUITY, filed June 15, 1872, alleging that the plaintiffs were authorized by the St. of 1872, c. 356,* to take posses-

---

* The material parts of this statute, which was entitled "An Act to authorize the Eastern Railroad Company to increase its Terminal Facilities in the City of Boston, and for other purposes," was as follows:

"SECTION 1. The Eastern Railroad Company may, after thirty days' notice in writing, take possession of, hold and use as hereinafter set forth, and for the purpose of increasing the terminal facilities and affording convenient access to the passenger depot of said corporation, a certain lot of land situated in Boston, occupied by the Boston and Maine Railroad, and bounded as follows: [describing it] *Provided,* that no building shall be erected on any part of said

sion of a lot of land in Boston occupied by the defendants, and hold the same for the purposes set forth in the statute; that they did all things necessary to be done to entitle them to take the land; that they took the land and entered into possession thereof; that they were expelled by the defendants, and the defendants wrongfully hold the land; that thereby the plaintiffs were wrongfully disturbed and interfered with in the exercise of the franchise conferred on them by their charter and by said statute; and that great and irreparable injury would ensue to the plaintiffs, and much risk and inconvenience to the public travelling over the plaintiffs' road. The prayer was that the defendants might be restrained from retaining possession of the premises, or interfering with or disturbing the plaintiffs' possession thereof.

The answer denied that the plaintiffs had done all things necessary to do to entitle them to take the land, admitted that the plaintiffs took possession of the land and were expelled by the defendants, and alleged that the continued use of the land was necessary and essential to enable the defendants to perform their public duties, and to fulfil contracts for the transportation of passengers and freight, lawfully made under the provisions of their charter; that without said land their public duties could not be performed

---

land for other than passenger purposes; and *provided, further,* that compensation shall be made to the Commonwealth for any portion of the lands now occupied by the Boston and Maine Railroad Company, and authorized to be taken under this act, to which the Commonwealth may establish a legal title in itself.

" SECTION 2. All general laws relating to the taking of land for railroad purposes and the location and construction of railroads shall be applicable to and govern the proceedings in the taking of lands and change of location provided for in the first section of this act, except that instead of the county commissioners three disinterested persons shall be appointed by the Supreme Judicial Court as a board of commissioners to adjudicate the damages for the taking of said lands and property, from whose decision an appeal to a jury shall lie in behalf of either party, as is provided in case of lands taken for railroad purposes."

" SECTION 4. Said Eastern Railroad Company may, for the purposes of this act, by a vote of its stockholders, at a meeting duly called for the purpose, increase its capital stock to an amount equal to the amount expended under this act, not exceeding two million dollars beyond the amount now authorized by law."

or carried out by them ; that there was no other land in Boston, within the limits of their charter, which they could procure or obtain to enable them to perform their public duties or fulfil their existing contracts ; that the statute was unconstitutional as an infringement of their chartered rights, and because it contained no adequate provision for making compensation to them for injury to their franchise or damage to their business, and also because it purported to give the plaintiffs power to take for railroad purposes land which had been already taken for those purposes.

The case as it appeared from the facts agreed, proofs and offers of proof, upon which it was reserved by *Wells*, J., for the consideration of the full court, was substantially as follows :

On May 7, 1872, the plaintiffs' directors voted to take the land described in the St. of 1872, *c.* 356 ; on May 8 they served notice on the defendants that after the expiration of thirty days the plaintiffs would take possession of the land under the statute, and on May 13 they filed in the clerk's office of the city of Boston a location of the plaintiffs' railroad over said land.   The following is an extract from the plaintiffs' by-laws : " The directors may purchase in the name and for the use of the company all such real estate, materials, engines, cars and other things as they shall deem needful for depots, for the making, completion and use of said Eastern Railroad, and for the transportation of persons, goods and merchandise, and may make any and all compromises and settlements concerning any real estate taken for the use of said road. They may cause such buildings to be erected as they may deem necessary or advantageous to the interests of the company." " The directors shall declare all dividends, allow accounts, superintend the conduct of the different officers and agents chosen or appointed by them, and may exercise by themselves or their agents all the powers and authority granted to the corporation by their charter, for the purpose of locating, constructing and completing the railroad therein mentioned, for the transportation of persons, goods and merchandise, for establishing the rates of toll on said road and the collection thereof, and all such other powers and authority for the management of the affairs of the corporation as may be necessary and proper to carry into effect the objects of the company and the purposes of their charter."

On June 7, June 11 and June 12 the plaintiffs entered upon the land to take possession under the statute, and at each time were expelled by the defendants. No meeting of the stockholders of the plaintiffs was held between the passage of the St. of 1872, c. 356, and the filing of this bill. The defendants have been in quiet possession of the land, claiming ownership since 1844, and have daily and constantly used it as a portion of their freight station and grounds, for the receipt and delivery of freight, and their tracks extended over substantially the whole of the land. The premises of the defendants in Boston are in all directions, except where they adjoin the land of the plaintiffs, bounded by public streets, and there is no land in Boston which can be taken by the defendants under the provisions of their charter and under existing laws, with which they can connect their tracks.

The land in question has been for many years substantially devoted by the defendants to the delivery of bricks under a contract. A portion of the freight business of the defendants must necessarily be abandoned if they should be deprived of the premises.

The defendants offered to prove, if admissible, which the plaintiffs denied, that the plaintiffs could upon their own land erect sufficient station accommodations to transact all their passenger business with safety and convenience, and that there was no immediate or imperative necessity for the use and occupation by them of the land now claimed to be taken.

*J. G. Abbott & W. G. Russell*, (*S. Bartlett & T. K. Lothrop* with them,) for the plaintiffs.

*H. W. Paine & C. F. Choate*, for the defendants.

COLT, J. The bill shows a legislative grant to the plaintiffs of the right to take certain described real estate in Boston, belonging to the defendants, and to hold and use the same for the purpose of increasing their terminal facilities and affording convenient access to their passenger station. It alleges a performance on the part of the plaintiffs of all the conditions of the grant, and a taking of the land, with actual possession under it. It charges the wrongful holding of the same by the defendants, and the forcible exclusion of the plaintiffs, whereby the corporation is wrongfully disturbed and interfered with in the exercise of the franchise

conferred by charter and by the act in question, with irreparable injury to the plaintiffs and great inconvenience and risk to the public. And it asks for an injunction to prevent the defendants from interfering with the plaintiffs' right.

The answer declares that the land in question is necessary to enable the defendants to perform their public duties, and to fulfil contracts for the transportation of passengers and freight, law fully made under the provisions of their charter; and that no other land can be obtained in Boston, within the limits of their charter, to enable them to perform their public duties or their existing contracts. It denies that the plaintiffs have complied with the terms of the act; and charges that the act is unconstitutional, because it is an infringement of the chartered rights of the defendants, and because it contains no provision for adequate compensation for injury to their franchise or damage to their business. And it claims that land once appropriated to public use for railroad purposes cannot be again taken for the same use by another corporation, without a violation of rights secured by the Constitution.

There was no objection to the jurisdiction of the court in equity, made by demurrer or stated in the answer. The case was heard and reserved on the proofs, offers of proof and facts agreed. The point was not raised at the hearing, is not reserved in the report, and was not relied on at the argument; and we have not felt obliged to consider that question. *Dearth* v. *Hide & Leather National Bank,* 100 Mass. 540.

The first objection made to the proceedings of the Eastern Railroad Company is, that the act in question was not accepted by the stockholders of that corporation, and that all action has been under votes of the directors only. It is not necessary here to decide whether an amendment or alteration of a charter, made imperative by the Legislature under its reserved power, would require acceptance on the part of the corporation; or, if an additional burden were imposed, whether it could be avoided only by surrender or abandonment of all corporate privileges. The act in question is not, fairly interpreted, an alteration of the charter. By the original act, and by the statutes of the Commonwealth,

the corporation had the right to acquire land for station purposes. The St. of 1872 subjected to this general power a specific parcel of land, which, but for this authority, might not be liable to be so taken. The power to be exercised was within the general powers of the directors, conferred by the General Statutes and the by-laws of the company. It is impliedly to be exercised as like powers conferred by the original charter ; and when there is nothing in the grant which expressly or by inference demands action by the stockholders, and the privilege granted contemplates an act within the scope of the authority of the directors of an existing organization, the action of the directors alone will be sufficient evidence of acceptance. *Charles River Bridge* v. *Warren Bridge*, 7 Pick. 344. *Middlesex Husbandmen* v. *Davis*, 3 Met. 133. *Bangor, Oldtown & Milford Railroad Co.* v. *Smith*, 47 Maine, 34.

It is further objected, that the location under which the land was taken was prematurely made. The right to take by location was made subject to the general laws applicable thereto, and under the statutes might be exercised at once. It is only the right to take possession, hold and use, which is postponed until thirty days after notice, and which is intended to give the time necessary for changes that may be required in the business of the two corporations. This distinction between the right of location and the right of possession for use exists under the general laws. Gen. Sts. *c.* 63, § 45.

The authority of the Legislature to grant these privileges to the Eastern Railroad Company is denied on constitutional grounds. It is said that the land in question has already been appropriated to a public use under the provisions of law, and that in the exercise of the right of eminent domain, the State cannot legally give to one railroad corporation power to take from another the exclusive use of land to be devoted to identically the same public use ; that this would be to destroy vested rights and impair the contract contained in its charter. But it has been often declared by this court, that there is no such limitation on the authority of the Legislature. The power of the State to take private property for the public use reaches every description

of property within its jurisdiction, even when acquired by grant from the State. It is an inherent element of sovereignty; and from the necessity of the case, and the highest considerations of public welfare, it must continue unimpaired in the State. It is impliedly reserved in every grant. It cannot be abridged so as to bind future legislation. The franchise of a corporation is not exempt. As an incorporeal hereditament, it may be taken, in whole or in part, and with the other property of the corporation devoted to other or similar public uses. The purposes of government would be so far defeated, if any single owner, corporation or individual, could in this respect control its action. It belongs exclusively to the Legislature to determine whether the public benefit to be secured is sufficient to warrant the taking; and this is not a judicial question. The necessity may be left to the adjudication of designated officers or tribunals; but when not so delegated, it may be declared by the Legislature itself. The right itself may be delegated to corporate bodies, public or private; and when the enjoyment of two public rights would to some extent interfere, it is, in the language of Chief Justice Shaw, "for the Legislature to determine which shall yield, and to what extent, and whether wholly or in part only, to the other; and such question will ordinarily be determined by the Legislature according to their conviction of the greater preponderance of public necessity and convenience." *Commonwealth* v. *Essex Co.* 13 Gray, 239, 247. *Boston Water Power Co.* v. *Boston & Worcester Railroad Co.* 23 Pick. 360. *Boston & Lowell Railroad Co.* v. *Salem & Lowell Railroad Co.* 2 Gray, 1. *Central Bridge Co.* v. *Lowell*, 4 Gray, 474. *Hingham & Quincy Bridge Co.* v. *County of Norfolk*, 6 Allen, 353, 360. *Haverhill Bridge* v. *County Commissioners*, 103 Mass. 120. See also *New York, Housatonic & Northern Railroad Co.* v. *Boston, Hartford & Erie Railroad Co.* 36 Conn. 196; *White River Turnpike Co.* v. *Vermont Central Railroad Co.* 21 Vt. 590; *People* v. *Smith*, 21 N. Y. 595, 598.

Nor is the remaining objection to the validity of the St. of 1872 well taken. All general laws relating to the taking of land for railroad purposes are in terms made to apply to and govern the proceedings. This meets the provision of the Constitution which

requires reasonable compensation for property taken. The early assessment of all damages occasioned by the taking is secured, and the payment of the amount ascertained. Gen. Sts. *c.* 63, § 21. If, by the true construction of the act, a part of the franchise is taken with the land, as the defendants contend, then the same provisions are sufficient to secure the same reasonable compensation. In estimating the value of the land taken, the jury would certainly have the right to consider the profitable uses of every kind to which it could be applied, and must take into account its proximity to the stations of two great lines of railroad communication, terminating at tide water within the limits of the city. *Boston & Worcester Railroad Co.* v. *Old Colony Railroad Co.* 12 Cush. 605, 611. *Decree for the plaintiffs, with costs.*