OLD COLONY RAILROAD COMPANY, petitioner.
IN RE PETITION OF KATHARINE C. LEFSTROM.

Suffolk.    December 7, 1894. — April 2, 1895.

Present: FIELD, C. J., ALLEN, KNOWLTON, & LATHROP, JJ.

*Abolition of Highway and Railroad Crossings at Grade — Confirmation of Report of Commissioners — Right of Landowner to appear and object — Power of Court to revise Decision of Commissioners.*

An owner of land taken by a decree of commissioners appointed under St. 1890, c. 428, upon a petition for the abolition of the crossing at grade of a highway by a railroad, is entitled, after the report of the commissioners has been filed in the Superior Court, to present in that court objections to the confirmation of the report, and to be heard thereon.

The decision of commissioners appointed under St. 1890, c. 428, upon a petition for the abolition of the crossing at grade of a highway by a railroad, on the question whether the quantity of land taken at a particular point is reasonably necessary for the convenient construction of the work, is final, in the absence of irregularity of procedure or of gross error, and cannot be revised by this court upon the petition of the landowner.

PETITION, under St. 1890, c. 428, by the directors of the Old Colony Railroad Company, for the abolition of a certain grade crossing in Boston.    Hearing in the Superior Court, before *Hammond*, J., who reported the case for the determination of this court.    The facts appear in the opinion.

*J. H. Benton, Jr.*, for the railroad company.

*H. W. Putnam*, for Katharine C. Lefstrom.

KNOWLTON, J.    The justice of the Superior Court, by his report, presents two questions, first, whether Katherine C. Lefstrom, the petitioner for a modification of the report of the commissioners, is entitled as matter of right, before confirmation of the decision of the commissioners, to become a party to the suit and be heard in that court upon the question she raises; and secondly, whether the court has power to revise the action of the commissioners and try the question whether more land is taken than is reasonably necessary.    If both of these questions are answered in the affirmative, the case is to be remanded for further proceedings; otherwise, her petition is to be dismissed. The questions depend on the construction to be put upon St.

1890, c. 428, § 4. The proceedings are under that statute and the subsequent statutes of 1892, c. 433, and 1893, c. 126. By the first mentioned statute the Legislature provided for the creation of a tribunal to determine all questions of fact involved in an application for the abolition of a grade crossing, namely, a board of commissioners consisting of three disinterested persons, to be appointed by the Superior Court. The statute prescribes the duties of these commissioners, and requires that they shall forthwith return their decision into the Superior Court. " The decree of the court confirming the decision of the commission shall be final and binding." The sentence last quoted is the only language in the statute which expressly gives the court power to deal in any way with the questions to be considered by the commissioners. This language gives the court power to confirm or reject the report. *Norwood* v. *New York & New England Railroad*, 161 Mass. 259. *Kingman, petitioner*, 153 Mass. 566, 579, and cases there cited. If there were no such express provision, the general requirement that commissioners be appointed by the court who are to make a report to the court would impliedly give the court power to act upon the report. *Boston & Worcester Railroad* v. *Western Railroad*, 14 Gray, 253, 258. *Wrentham* v. *Norfolk*, 114 Mass. 555, 561. *Wyman* v. *Eastern Railroad*, 128 Mass. 346.

Persons whose land is taken under a decree of the commissioners are to receive compensation, and, if they fail to agree with the other parties interested in regard to the amount, they are entitled to an assessment by a jury. But such persons have no constitutional right to a hearing upon the question whether their land shall be taken. *Lynch* v. *Forbes*, 161 Mass. 302. *Collins* v. *Holyoke*, 146 Mass. 298. *Brock* v. *Old Colony Railroad*, 146 Mass. 194. *Holt* v. *Somerville City Council*, 127 Mass. 408. *Kuschke* v. *St. Paul*, 45 Minn. 225. When charters have been granted to railroad corporations in this Commonwealth, landowners along the route have never been made parties to the proceedings for fixing the location, and under our general railroad law, when the route is to be fixed, the only notice required is by publication and posting, which may or may not reach the individual owners whose land is taken. Pub. Sts. c. 112, § 39. In reference to the question what land shall be

taken, the interest of landowners is to be considered only as they are a part of the public. The interest of every individual is to be regarded, so far as it is apparent, in determining what is the interest of the general public. Every public measure which has local features affects the interest of some members of the public more than that of others, and all interests should be weighed in ascertaining the general interest. Landowners whose property is liable to be taken are not made parties by the statute now before us, and they have no legal right to be heard. Where notice of a hearing is given to the public they may be heard as a part of the public, and ordinarily in cases of this kind a tribunal whose action is liable to affect important interests desires to hear those who will be most affected. In this case it appears that the petitioner Lefstrom was fully heard by the commissioners on the question which she now desires to raise before the Superior Court. She was not an original party to the cause, and has not the rights of a party in any part of the proceedings.

But after the commissioners had determined to take her land, and had filed in court their report of their doings, showing a taking of her land, she had an interest different from that of the general public in the question whether their report should be confirmed. The confirmation of the report, and the recording of it and of the decree of the court in the registry of deeds, would constitute a taking of the land which would be binding upon her. St. 1890, c. 428, § 4. If there was error in the proceedings of the commissioners, she could not have it corrected by a writ of certiorari, as she could if the judgment or decree was by the county commissioners or some similar tribunal. Her only opportunity to be heard on the question whether the taking of her property by the commissioners was regular and legal was before the court after the filing of the report. Her interest was such as to entitle her to call in question the legality of their action, and in a similar case before county commissioners to prosecute a petition for a writ of certiorari. *Powers* v. *Springfield City Council*, 116 Mass. 84. *Dwight* v. *Springfield City Council*, 4 Gray, 107. We are therefore of opinion that after the report was filed she had a right to come into court and present objections to the confirmation of the report, and be heard

upon them, as she might have filed a petition for a writ of certiorari if the taking had been by county commissioners.

The other question is whether the court has power to revise the action of the commissioners in this particular. Their decision cannot become effective unless it is confirmed by the court. The statute implies that the court will consider the question whether it should be confirmed. It implies that the court will not confirm it if errors of law are apparent in it. If the court has reason to suspect that the report is founded on an error of law it may inquire into the matter, and take testimony if necessary, to ascertain whether the suspicion is well founded. If by reason of a suggestion of one of the parties, or for any other cause, there is reason to believe that the report is founded on an important mistake of fact, or if there seems to have been an irregularity in the proceedings which has affected the report the court may properly recommit it that the error may be corrected. In case of misconduct of the commissioners, or gross error, or refusal to regard the direction of the court to correct an error of law, we have no doubt of the power of the court to reject the report, revoke their appointment, and appoint other commissioners. On the other hand, the commissioners constitute a tribunal which is finally to decide the matters of fact on which alone the abolition of a grade crossing can be ordered. *Commonwealth* v. *Westborough*, 3 Mass. 406. *Kingman* v. *County Commissioners*, 6 Cush. 306. *Thorpe* v. *County Commissioners*, 9 Gray, 57. The court has no power to revise their report and order a change to be made otherwise than as they finally recommend. So long as they keep within the authority conferred by the statute to act under the petition, and in the proceedings which determine their jurisdiction, the court has no power to substitute its opinion for theirs. In *Norwood* v. *New York & New England Railroad*, 161 Mass. 259, this court has held that, upon the facts before the Superior Court, on which presumably the decision of that court was founded, there was error of law in the construction of the statute. It has never been intimated that in a case of this kind the court can take the report of the commissioners, and, on hearing evidence, amend it into a new report, and order a change of a crossing to be made in a mode different from that adopted by the commissioners.

In the present case it does not appear that the action of the commissioners was outside of the jurisdiction conferred by their appointment under the statute, or that they erred in any matter of law, and it does appear that they fully heard and considered the questions presented to the Superior Court by the petitioner Lefstrom.   The question whether a few feet more or less of land should be taken at a particular point, for the convenient construction of the work, was one which the Legislature intended to submit to their decision.

We are of opinion that the matters which the petitioner Lefstrom offered to prove related to facts passed upon by the commissioners in regard to which, in the absence of irregularity of procedure or gross error, their decision was final, and that therefore upon these offers of proof the court has no power to revise their action.                    *Petition dismissed.*