HARRY BURNETT & others, trustees, *vs.* CITY OF BOSTON.

Worcester.   March 8, 1899. — April 1, 1899.

Present: HOLMES, KNOWLTON, LATHROP, BARKER, & HAMMOND, JJ.

*Waterworks — Statute — Taking of Land — Assessment of Damages
— Evidence.*

The provisions of St. 1894, c. 108, entitled "An Act to confirm a certain agreement between the city of Boston and the town of Southborough relating to the building of a water basin in said town, and to authorize the execution of the same," must be followed in assessing damages for the taking of lands under it, and not the provisions of any previous statute.

The St. 1894, c. 108, was entitled an act to confirm a certain agreement between a city and a town relating to the building of a water basin in the town, and to authorize the execution of the same, and authorized the taking of all lands and water rights which the city deemed necessary to carry out the agreement. An instrument of taking recited that the city, by its water board, acting under the power conferred by two earlier statutes, by an agreement with the town, by St. 1894, c. 108, and all other power and authority enabling it, took for the purpose of the water supply of the city certain described lands and water rights in the town, "all of which lands and water rights said board deems necessary to take in carrying out said agreement." *Held,* that the lands were taken under St. 1894, c. 108; and that evidence that it was not necessary to take the lands to carry out the contract was rightly excluded.

PETITION to the Superior Court, for the appointment of commissioners to assess damages for the taking of land in Southborough, under St. 1872, c. 177, § 5.

At the hearing, before *Gaskill,* J., it was agreed or proved that the city of Boston had taken the land of the petitioners, as described in the petition, by a taking in writing which was put in evidence by the respondent, and which was recorded in the registry of deeds, the recital of the purpose and authority under which the taking was made being as follows: "Know all men by these presents that the city of Boston, by the Boston Water Board, consisting of Thomas F. Doherty, John W.

Leighton, and William S. McNary, duly appointed and confirmed and acting under and by virtue of the power and authority conferred upon said city by chapter one hundred and sixty-seven of the Acts of the Legislature of the Commonwealth of Massachusetts, of the year eighteen hundred and forty-six, by chapter one hundred and seventy-seven of the said Acts of the year eighteen hundred and seventy-two, by an agreement with the inhabitants of the town of Southborough, a municipal corporation in the county of Worcester, dated the 14th day of February, 1894, by chapter one hundred and eight of the said Acts of the year eighteen hundred and ninety-four, and of all other power and authority it hereto enabling, and in part execution of all of said powers and authorities, does for the purposes of the water supply of said city of Boston, hereby take all necessary easements in and the fee of the following described lands, and all the rights, easements, privileges, and appurtenances to any of said lands in any wise appertaining, with all the buildings and other structures on said lands, all situated in Southborough in the county of Worcester in said Commonwealth and bounded and described as hereinafter set forth; also all the water rights in and to the ponds and streams connected with the ponds and streams within the territory hereinafter described, and in and to the waters of all said ponds and streams. All of which lands and water rights said board deems necessary to take in carrying out said agreement."

The petitioners put in evidence the contract between the city of Boston and the town of Southborough, referred to in St. 1894, c. 108.

It was agreed that the land of the petitioners described in the petition is situated upon a tributary of the Sudbury River, flowing into the river at a point above the town of Framingham.

The petitioners offered to show that it was not necessary to take their land in order to carry out the contract. To this evidence the respondent objected. The judge excluded it; and the petitioners excepted.

The judge ruled that chapter 108 of St. 1894 so far repealed and modified chapter 177 of St. 1872 that no commissioners could be appointed; and that the remedy of the petitioners was by application for a jury under St. 1894, c. 108, § 4.

The petitioners not desiring to amend their petition, or to further prosecute their petition if commissioners were not appointed, the petition was dismissed; and the petitioners alleged exceptions.

*F. P. Goulding & C. F. Choate, Jr.,* for the petitioners.

*J. M. Hallowell,* Assistant Attorney General, for the respondent.

KNOWLTON, J. The St. of 1894, c. 108, gives the city of Boston new and enlarged rights to take water for the use of its inhabitants. It ratifies and confirms the agreement made by the Boston Water Board, acting for the city of Boston, and a committee of the town of Southborough, acting for the inhabitants of Southborough. This agreement was made in contemplation of the construction of extensive works for the accumulation and distribution of water, which would make it necessary to discontinue certain highways and town ways, to alter very materially certain others, and to construct new ones. It also provided for a taking by the town of Southborough from the city's reservoir of not exceeding two hundred thousand gallons of water per day to supply the inhabitants of the town. It authorized the city to do everything which the agreement provides it shall do, and especially to " take in fee, by purchase or otherwise, any lands, rights in lands, waters, or water rights which it deems necessary in carrying out said agreement, including any lands used for any part of the town, county, or other public ways which it may discontinue, as specified in said agreement." It differs from previous acts under which the city of Boston might take lands, water, and water rights in this vicinity, in prescribing that the taking shall take effect from the time of recording in the registry of deeds the proper writing showing the taking, instead of from an act of taking which might be at any time within sixty days before recording the paper, and in providing that in case of disagreement damages shall be assessed upon a petition for a jury filed in the Superior Court instead of by three judicious freeholders first appointed to assess them, and in other particulars which it is unnecessary to state. It is plain that the provisions of this statute must be followed in assessing damages for the taking of lands under it, and not the provisions of any previous statute.

The only other question in the case is whether it must be held, notwithstanding the evidence offered by the petitioners, that their lands were taken under this statute.   The principal argument against this proposition is that the agreement, and the St. of 1894, c. 108, founded upon it, only authorized the taking of lands for highways and town ways.   But this argument is not well founded.   The agreement contemplated much besides the changes in the ways.   The provision for a taking of two hundred thousand gallons of water per day by the town from this basin implies the construction of a great reservoir by the city, from which this comparatively small quantity may be drawn as an incident to the changes to be made.   The title of the act refers to the agreement as " relating to the building of a water basin in said town."   The statute authorizes the taking of all lands which the city deems necessary to carry out the agreement. This means a taking to carry out the plan which the agreement plainly suggests, namely, the construction of a great reservoir involving general changes in the roads, and providing a place from which the town as well as the city may take its supply of water.   The instrument of taking, although it recites previous statutes, gives as the foundation of the right the agreement and the statute above referred to, and ends with these words: " all of which lands and water rights said board deems necessary to take in carrying out said agreement."   This is equivalent to a statement that the taking of all the lands is under the latest statute.   The statute leaves the determination of what it is necessary to take to the city, acting by its water board.   So long as the members of this board act regularly and in good faith, their decision upon the question of necessity is final. *Lynch* v. *Forbes*, 161 Mass. 302.   *Old Colony Railroad, petitioner*, 163 Mass. 356.   *Talbot* v. *Hudson*, 16 Gray, 417.   *Fall River Iron Works* v. *Old Colony & Fall River Railroad*, 5 Allen, 221. It follows that they took all of the lands under this statute, and that the offer of the petitioners to prove that it was not necessary to take their land to carry out the contract, was rightly refused.

*Exceptions   overruled.*