CARLOS B. MOSELEY, and another, Appellants,

*vs.*

YORK SHORE WATER COMPANY.

York.     Opinion April 16, 1900.

*Water Company. Eminent Domain. Constitutional Law. Description. Stat.*
*1889, c. 284. Priv. & Spec. Laws, 1895, c. 125.*

The York Shore Water Company was authorized by its charter, "to take, hold, protect and use the water of Chase's Pond" for its water supply, and to "take and hold, by purchase or otherwise, any lands, or other real estate necessary for any of the purposes aforesaid, and for the protection of the watershed of said Chase's Pond." Adequate provision was made by the charter for the liability of the corporation to pay all damages sustained by any person by the taking of property, and for the assessment of such damages.

*Held;* that this grant of the power to exercise the right of eminent domain is not unconstitutional, either because it does not define the limits of the property that may be taken, or because it gives, to the company the unrestricted right to determine to what extent and within what limits it would exercise the right of eminent domain.

The directors of the water company voted to take the two lots of land in question as necessary for its purposes in the protection of the watershed of Chase's Pond, and in the vote directed the president of the company "to file in the office of the county commissioners for said county of York such plans, descriptions, certificate or other document as may be necessary for the purpose above mentioned."

The president accordingly did file in the office of the county commissioners a sufficient statement, signed in the name of the company by himself as president, to the effect that the company had found it necessary to take, and that it thereby did take these two lots of land for the purpose of the protection of the watershed of the pond. Attached to which, and filed therewith by the president at the same time, was a separate description and plan of each lot taken, both of which appear to be full and accurate, and as to which no objection is made.

*Held;* that the proceedings were in strict compliance with the statute, Chap. 284, Statutes of 1889, which was applicable, as the charter did not prescribe the method of condemning lands; that no discretion was delegated to the president by the directors, his only authority being to obtain an accurate description and plan of each of the lots which the directors had voted to take, and to file the same together with a statement that the lots had been taken; and that a corporation must necessarily act by its officers or agents duly authorized.

AGREED STATEMENT.

The case is stated in the opinion.

*B. F. Hamilton and B. F. Cleaves,* for plaintiffs.

The York Shore Water Co. has never legally taken any land of these appellants. The taking of land by the right of eminent domain must be evidenced by some writing, in which the land is described by metes and bounds. *Hamor* v. *Bar Harbor Water Co.,* 78 Maine, 134; *Lancaster* v. *Kennebec Co.,* 62 Maine, 274.

The only writing the York Shore Water Co. ever filed as evidence of any taking was a copy of the vote of the corporation passed Oct. 14, 1895. In that vote there was no description at all. The people who "said it belonged" to Worthing may have been mistaken, and the company may have thus had in mind a lot which did not belong to Worthing at all. These appellants are

entitled to be apprised of just how much and what land the company claimed to take.

The vote to take is only a preliminary step in the taking. It is not complete so as to justify temporary occupancy pending agreement upon, or assessment of damages, until plans and specifications have been filed. Laws of 1889, ch. 284, (Supplement p. 270); *Cushman* v. *Smith*, 34 Maine, 247, (260); *Lancaster* v. *Kennebec Co.*, 62 Maine, 274; *Riche* v. *Water Co.*, 75 Maine, 91.

It is necessary that the company itself shall file plans and description of the land taken. Laws of 1889, ch. 284. Directors have no authority to leave it to the determination of any one officer or member of the corporation what plans, descriptions, certificates and other documents are necessary, and authorize him to file them himself. A corporation, upon which the law imposes the duty of doing some act, cannot delegate authority to another to do that act, on the principle that delegated authority cannot be delegated. *York & C. R. R.* v. *Ritchie*, 40 Maine, 425; *Orphan Asylum* v. *Johnson*, 43 Maine, 180, (185); *Mutual Ins. Co.* v. *Lowell*, 59 Maine, 504.

Where private property is sought to be taken against the will of the owner, under statute authority, all the statute requirements must be fully and strictly complied with. In the procedure no step, however unimportant, seemingly, must be omitted, nor will the substitution of other steps in the place of those named in the statute be sufficient. *Spofford* v. *B. & B. R. R.*, 66 Maine, 26, (39); *Leavitt* v. *Eastman*, 77 Maine, 117, (120); *Hamor* v. *Water Co.*, 78 Maine, 127, (133).

Statute makes it necessary for the York Shore Water Co. to file plans and descriptions. They voted to allow the president to determine what were necessary, and then file them himself.

The county commissioners had no jurisdiction to assess damages, because there had been no land legally taken for which damages could be assessed. They, upon hearing in damages, could look only to the petition presented to them in ascertaining what land was claimed to be taken, and for which they were to assess damages. To give them jurisdiction the petition must contain a

sufficient description of the land claimed to be taken, by metes and bounds. *Spofford* v. *B. & B. R. R.*, supra.

*Geo. F. and Leroy Haley,* for defendant.

It is no longer an open question in this country that the mode of exercising the right of eminent domain, in the absence of any provision of the organic law prescribing a contrary course, is within the discretion of the legislature. There is no limitation upon the power of the legislature in this respect, if the purpose be a public one, and just compensation be paid or tendered. *Secombe* v. *Milwaukee & St. Paul R. R. Co.*, 23 Wall. 108.

No question can be raised but that a water company to supply pure water for domestic purposes is a public necessity. The right of eminent domain does not rest upon a statute nor on a constitutional enactment. It is an attribute of sovereignty, possessed by the general government as sovereign, to enable it to perform its proper functions. It is an authority essential to its independent existence and perpetuity. The right of eminent domain being thus possessed by the United States the mode of exercising it, in the absence of any express provision in the constitution to the contrary, is within the discretion of the legislature. *In Re Rugheimer*, 36 Fed. Rep. 369; *Kohl* v. *U. S.*, 91 U. S. 367; *U. S.* v. *Jones*, 109 U. S. 513; *Miss. & Rum River Boom Co.* v. *Patterson*, 98 U. S. 403.

SITTING:    HASKELL, WISWELL, STROUT, SAVAGE, FOGLER, JJ.

WISWELL, J. The York Shore Water Company, a corporation incorporated by an act of the legislature (c. 125 Private and Special Laws of 1895) for the purpose of supplying the towns of York and Wells, and their inhabitants, with pure water for domestic and municipal purposes, was authorized by its charter, " to take, hold, protect and use the water of Chase's Pond in said town of York " for its water supply, and to " take and hold, by purchase or otherwise, any lands, or other real estate necessary for any of the purposes aforesaid, and for the protection of the watershed of said Chase's pond."

Adequate provision was made by the charter for the liability of the corporation to pay all damages sustained by any person by the taking of lands or other property, for the necessary purposes of the corporation, or by flowage or excavation, and for the assessment of such damages in case the owner of the property taken and the corporation should not mutually agree upon the sum to be paid therefor, in which case " such person or said corporation may cause the damage to be ascertained in the manner prescribed by law in case of damage by laying out highways."

On October 14, 1895, the directors of the Water Company passed the following vote to take the two lots of land belonging to these appellants: " That this corporation finds it necessary for its purposes and uses in the protection of the watershed of Chase's Pond in the town of York to take land adjoining said pond in said town of York, and being duly authorized by law to take such land whenever it is necessary for its purposes and uses, hereby takes two certain lots of land within the limits of the watershed of Chase's Pond, one of which lots is said to belong to Charles L. Worthing of said York and the other of said lots is said to belong to Carlos B. Moseley, now commorant at said York, and hereby directs the president of this company to file in the office of the county commissioners for said county of York such plans, descriptions, certificate or other document as may be necessary for the purpose above mentioned."

In accordance with this vote, on October 16, 1895, the president of the Water Company filed in the office of the county commissioners for York county, where the land taken is situated, a declaration signed in the name of the company by himself as president, to the effect that the Water Company "finds it necessary for its purposes and uses in the protection of the watershed of Chase's Pond in said town of York to take land adjoining said Pond," and that it thereby did "take two certain lots of land within the limits of the watershed of said Chase's Pond, one of which lots is said to belong to Charles L. Worthing of York Beach, Maine, and the other of said lots is said to belong to Carlos B. Moseley now commorant at York Beach in the town of York, descriptions and plans of which lots are hereto attached and made a part of this document,

and the property hereby taken being all situated in said town and county of York." Attached to this declaration and filed therewith by the president, at the same time, was a separate description and plan of each lot taken, both of which appear to be full and accurate, and as to which no objection is made.

Subsequently, on August 29, 1896, application was made by the Water Company to the county commissioners to have the damages for the taking of each of these two lots of land determined by them. Thereupon the commissioners, after giving due notice, proceeded in the manner provided by law to determine the damages, and later they made their report. From this assessment of damages these appellants appealed to this court, but certain questions having been raised by them as to the right of the Water Company to take these lands for the purpose named, and as to the sufficiency of the company's proceedings in attempting to take them, the parties have by an agreed statement of facts submitted such questions to the law court.

It is urged that this charter, in so far as it gives to the Water Company the power to exercise the right of eminent domain, is unconstitutional, because "it does not define the limits to which said company may take land and other property for its purposes," and because the charter "gives to said company the unrestricted right to fully determine to what extent and within what limits it will take and hold private property of individuals," without submitting to any tribunal the question of the necessity for such taking.

No question is raised by the appellants as to the necessity of taking these two particular lots for the purpose named, so that it is unnecessary for the court to determine that question, or the question, about which the authorities differ to some extent, as to whether the land owner may have the necessity or expediency of the taking, in any particular instance, submitted to a court, jury or other tribunal. See *Lynch* v. *Forbes*, 161 Mass. 302, and the extended note thereto in 42 Am. St. R. 402. But the objection here is that this portion of the charter itself is unconstitutional.

We do not think that there is any merit in the contention. The

authority given was to take such lands and other property as might be necessary for the legitimate purposes of the Water Company in carrying into effect its general purpose of supplying pure water to the municipalities named and their inhabitants.   In many cases it would be impracticable, if not impossible, to define more exactly the limits and extent of the property that might be taken under the exercise of the right of eminent domain, for the purpose of carrying out the public use for which the corporation is authorized to take private property.   The grant of the authority in this case was in language similar to that which has been ordinarily used in the charters of water companies in this and other states.   In *Riche* v. *Bar Harbor Water Co.*, 75 Maine, 91, the language of the charter was identical in effect: "And said corporation may take and hold any lands necessary therefor, and may excavate through any lands where necessary for the purposes of this incorporation." The court held that the charter gave to the company the right to condemn lands necessary for its purposes.   And the examination of a great many cases, which need not here be cited, will show that this has been the usual form adopted by legislatures in incorporating water companies, and in granting to them the power to condemn and take lands and other property for their purposes.

It must be remembered that the question, whether the necessity exists for the granting of this right to take private property for a public use, is a legislative and not a judicial one.   The use being public, the determination of the legislature that the necessity exists which requires private property to be taken, is conclusive. Whether a particular use for which land is taken, under the exercise of the right of eminent domain is public or not, is a judicial question; but as to whether the necessity exists for taking lands for a public use by the exercise of the right of eminent domain is a legislative question. *Riche* v. *Bar Harbor Water Company*, supra; *Lynch* v. *Forbes*, supra; *Wisconsin Water Company* v. *Winans*, 85 Wis. 26.

The other question raised is as to whether or not the proceedings of the company in attempting to take these lands were sufficient for that purpose.   The company's charter contained no pro-

vision as to the manner of proceeding in condemning land necessary for its purposes, consequently c. 284, Public Laws of 1889, is applicable and prescribes the method of proceeding. By that statute, when a water company duly authorized therefor, finds it necessary for its purposes and uses to take any land or other property, "it shall file in the office of the county commissioners of the county where the land or other property taken is situated, plans and descriptions of all the land, and description of all other property taken."

In this case the Water Company proceeded in strict compliance with the requirements of the statute above quoted. The directors voted to take the two lots of land in question as necessary for its purposes. They instructed the president of the corporation to file in the office of the county commissioners, "such plans, descriptions, certificate or other document as may be necessary for the purpose above mentioned." The president accordingly did file a statement that these lots had been taken, and at the same time a full and particular description and a sufficient plan of each of the lots.

It is urged that it was necessary for the company itself to file the plans and descriptions of the land taken, and that the directors could not delegate to the president the authority to determine what plans and descriptions were necessary. But no discretion was delegated to the president. The directors voted to take the whole of each of these lots. The authority of the president was only to obtain an accurate description and plan of the whole of each of the lots and to file the same, together with a statement that the lots had been taken, as required by law. A corporation must necessarily act by its officers or agents duly authorized. We think that in all respects, the proceedings of this company in taking these lots of land for its necessary purposes, were in accordance with the requirements of the statute.

As stipulated in the report, the case is remanded to nisi prius for a trial upon the question of damages.

*Case remanded.*