MARY C. SHANNON *vs.* HARRIET M. SHANNON.
HARRIET M. SHANNON *vs.* MARY C. SHANNON.

A copy of the record of a court in another state contained a copy of the will of J. S., of the affidavit of the subscribing witnesses to its execution, and of a certificate of the clerk of the court that the will was duly admitted to probate. It appeared that the record was in the usual form of recording proceedings for the probate of wills in said state. *Held*, that it was proper for a probate court here to order the copy to be filed and recorded under the Gen. Sts. c. 92, § 22.

The executors named in a will filed a petition to the probate court declining the trust but praying that the will might be admitted to probate, and J. S. appointed administrator with the will annexed. Notice was issued setting forth the prayer of the petition; but before the petition was acted on, one of the executors filed a paper withdrawing his declination and praying to be appointed executor. *Held*, that he might be appointed executor without further notice.

THE FIRST of these cases was an appeal, by Harriet M. Shannon, from the decree of the Probate Court ordering that a copy of the will of Oliver N. Shannon, late of Terre Haute, in the State of Indiana, should be filed and recorded, and that letters testamentary should be issued to Mary C. Shannon, as executrix of the will. *The second* case was an appeal from a decree of the Probate Court refusing to appoint the appellant, Harriet M.

Shannon, as administratrix of the estate of Oliver N. Shannon. The cases were heard together before *Morton*, J., and, as they appeared from the records and evidence on which they were reserved by him for the opinion of the full court, were as follows :

Oliver N. Shannon was married to the appellant, and had his domicil in Newton until 1855. In that year he went to Terre Haute, in the State of Indiana, and there procured a decree of divorce from the appellant. He made a will in November 1868, describing himself as of Terre Haute, and died on December 25, 1869. He appointed Mary C. Shannon, William Morton and William D. Griswold, the executors of his will.

On January 3, 1870, the appellant filed a petition in the Probate Court, setting forth the death of Oliver N. Shannon, alleging that he last dwelt in Newton ; that he died intestate ; and that she was his widow ; and praying that she might be appointed administratrix of his estate.

On January 7, 1870, Mary C. Shannon, William Morton and William D. Griswold filed a petition setting forth that the will of Oliver N. Shannon had been duly proved and allowed by the Court of Common Pleas in the county of Vigo and State of Indiana, according to the laws of said state ; that a duly authorized copy of the will and of the probate thereof was produced ; and that the petitioners declined the trust of executors ; and praying that Charles A. Welch might be appointed administrator with the will annexed, and that the copy of the will might be filed and recorded in the probate office. Notice was issued, setting forth the prayer of the petition.

On April 26, 1870, Mary C. Shannon filed a written withdrawal of her refusal to accept the trust of executrix, and prayed that she might be appointed executrix of the will, or that administration with the will annexed might be granted to her, as should seem best to the court. The two petitions were heard together, and on May 3, 1870, the Probate Court entered the decrees appealed from.

The copy filed, which was duly attested, as required by the laws of the United States, was of the will, of an affidavit of Demas Deming, James C. McGregor and William E. Hendrich, the

attesting witnesses, to its due execution, and of the following certificate: "State of Indiana, Vigo County, ss. I, Martin Hollinger, clerk of the Court of Common Pleas of Vigo County, Indiana, do hereby certify that the within annexed last will and testament of Oliver N. Shannon has been duly admitted to probate and duly proved by the testimony of Demas Deming, James C. McGregor, and William E. Hendrich, the subscribing witnesses thereto; that a complete record of said will, and the testimony of the said Demas Deming, James C. McGregor, and William E. Hendrich, in proof thereof, has been by me duly made and recorded in Book 1, at page 384, of the record of wills of said county. In attestation whereof, I have hereunto subscribed my name, and affixed the seal of said court, at Terre Haute, this 29th day of December, 1869. Martin Hollinger, Clerk of the Court of Common Pleas of Vigo County. [L. S.]"

The reasons of appeal in these two cases were in substance that Oliver N. Shannon, at the time of his death, was domiciled in this Commonwealth, and not in Indiana; that he never executed any will in accordance with the laws of this Commonwealth or of Indiana; that the Indiana court had no jurisdiction to grant probate of the will; that the copy of the proceedings in Indiana did not show that the will was ever proved or approved by the Court of Common Pleas, or that said copy was a copy of any record of said court; that said copy was only the certificate of the clerk of said court that certain facts appeared of record in said court or were transacted before said clerk; that after the filing of the declination by Mary C. Shannon, she had no right to withdraw it, and the Probate Court had no right to appoint her as executrix; and that the appellant was the widow of Oliver N. Shannon, and entitled to administer his estate.

There was much evidence on the question whether the domicil of Oliver N. Shannon at the time he made his will was at Terre Haute or at Newton; and whether, if his domicil was at Terre Haute at that time, he abandoned it before his death.

The deposition of Martin Hollinger was put in evidence, in which he testified that the copy which was ordered to be filed in the Probate Court was a true copy of the record of the Court of

Common Pleas of Vigo County; that said Court of Common Pleas was a court of record; that he had custody of the records and that the original record from which said copy was taken was made up in the usual form of records of judgments of the probate of wills. Charles T. Patterson, judge of the Circuit Court for the Eighteenth Judicial Circuit of Indiana, gave similar testimony; and other evidence as to the existence and genuineness of the will, the fact of probate, and the correctness of the copy, was given by other persons, including two of the attesting witnesses.

*W. A. Herrick*, (*J. H. Millett* with him,) for the appellant.

*E. D. Sohier & G. A. Somerby*, for the appellee.

WELLS, J. For the decision of these appeals we do not find it necessary to determine the long vexed question of the validity of the decree of divorce obtained in Indiana in 1856, by Oliver N. Shannon from his wife, Harriet M. Shannon.

Upon the evidence submitted to us, two facts are established, which effectually dispose of both appeals. *First*, that Oliver N. Shannon had acquired a domicil in Indiana before November 1868, when he made his will there; and that he had not abandoned it when he died. *Second*, that he died testate.

There being a will, whether properly admitted to probate or not, no one could be appointed administrator, as of an intestate estate. The petition of Harriet M. Shannon to be so appointed was rightly dismissed, therefore, even if she is the lawful widow, as she alleges.

The courts of Indiana had jurisdiction for the original and conclusive probate of the will. The record is shown by the evidence to be in the usual form of recording the proceedings for the probate of wills in that state. The fact that such proceedings were had is proved by direct testimony of witnesses present; as is also the existence and genuineness of the original will, if it were necessary or competent, by such proof, to supplement the proof by the record itself. We do not discover any irregularity or insufficiency in the form of execution of the will, or in the proceedings for its probate, either here or in Indiana, which ought to prevent its allowance by the court here, under the Gen. Sts. c. 92, § 22.

The appellant objects to the issue of letters testamentary to Mary C. Shannon, one of the persons named in the will as executors: first, because she had once declined to accept the trust; and, secondly, because the application, upon which alone notice had been given, and upon which the proceedings were founded, prayed for the appointment of Mr. Welch as administrator with the will annexed. Neither of these objections appears to us to have force. Such declination would authorize the court to proceed to the appointment of an administrator. But if, before action by the court, the declination be withdrawn or waived, the court may regard it as not made, and proceed accordingly. The testamentary appointment remains unaffected. The fact of declination, set forth in the application, is not established; and the court proceeds to give effect to the testamentary appointment. Gen. Sts. *c.* 92, § 23. No further notice is necessary for that purpose. *Decrees affirmed.*