SCRIPPS v. WAYNE PROBATE JUDGE.[1]

1. WILLS—PROBATE—DOMICILE—JURISDICTION—RES JUDICATA.
    The probate court of a decedent's domicile has exclusive jurisdiction to determine the validity of his will, and an order of any other court admitting it to probate is not binding on the former court.

2. SAME—ADMINISTRATION.
    If those interested in a will fail to present it for probate to the proper court, any person interested in the estate may apply for administration, in which case it is no defense to say that decedent made a will which is beyond the jurisdiction of the court.

3. SAME.
    A man died while sojourning in California, leaving what purported to be a will.    The executors named therein had the

---

[1] Rehearing denied December 16, 1902.

instrument probated in Ohio, claiming that as the testator's residence. Relator, an heir at law of deceased, filed a petition in probate court in this State, alleging that decedent was domiciled here at the time of his death, that the alleged will was invalid, that the executors had refused to present it for probate in Michigan, and praying for administration on the estate. *Held*, that it was error for the court to refuse to pass upon the questions of domicile and intestacy until the will, or a certified copy thereof, should be filed in court *by some one claiming thereunder*.

*Certiorari* to Wayne; Hosmer, J. Submitted June 17, 1902. (Calendar No. 19,330.) Decided June 24, 1902.

*Mandamus* by James E. Scripps to compel Edgar O. Durfee, judge of probate of Wayne county, to proceed with the hearing on certain petitions. From an order denying the writ, relator brings *certiorari*. Reversed.

George H. Scripps died April 13, 1900, in California, then his temporary place of residence. His legal domicile was formerly in Detroit, Mich. He left a will, with two codicils attached; the will being executed in 1894 at Detroit, then his legal domicile. It is claimed by his executors that he had lived in Cleveland for some time prior to his death. The will was presented for probate in Cuyahoga county, Ohio, and was there admitted to probate July 2, 1900.

On June 30, 1900, the petitioner, James E. Scripps, a brother of the deceased, presented to the probate court of Wayne county, Mich., a petition for administration upon the estate of said deceased, and asked for a special administrator for reasons set forth in the petition. The petition alleges the will; the proceedings taken in Ohio for its probate; that he has asked the executors therein named to present the will for probate in the probate court for the county of Wayne, the domicile of said deceased at the time of his death, so that petitioner and other heirs of said deceased may contest the validity of the will; and their

refusal to do so.  The petition further alleges that the deceased was domiciled in the city of Detroit at the time of his death; that he left a large estate there, both real and personal, worth several hundred thousand dollars; that, if such a will was executed, the deceased was at the time mentally incompetent, and unduly influenced by some one of the beneficiaries named in the will; and that the residuary legatees under the will of the deceased fraudulently conspired together, for certain reasons, to have this will probated in Ohio, rather than in Michigan, although it was well known to them that his legal domicile was in Michigan.

Upon presenting this petition, Robert T. Gray was appointed special administrator.  William A. Scripps and Edward W. Scripps, the executors named in said will, appeared and answered this petition, setting forth the proceedings taken in the Ohio probate court for the probate of the will, and insisting that the probate of the will there is *res adjudicata*, and is entitled, under section 1, art. 4, of the Constitution of the United States, to full faith and credit in this State.

Upon this petition and answer some proofs were taken, and, before the proofs were closed, the judge of probate doubted his right to pass upon the question of the testacy or intestacy of the deceased without having such instrument before him.  The hearing was then continued. Petitioner then filed another petition, setting forth copies of the will and codicils, alleging that they were beyond the jurisdiction of the court and could not be produced, and asked the court to proceed to determine whether the same were the last will and testament of the deceased, or whether he died intestate.  Hearing was had on March 26, 1902. Upon that hearing the probate court refused to proceed further with the hearing upon either petition, holding that it had no jurisdiction to determine the question of the domicile of the deceased, or whether he died testate or intestate, until the original papers, or duly certified copies thereof, shall be filed in said probate court for Wayne

county by some one claiming an interest in his estate by virtue of the will, and that said James E. Scripps does not claim under, but in opposition to, the will. Relator then petitioned the circuit court for the county of Wayne for an order compelling the probate court to vacate such order and proceed with the hearing. This petition was denied, and the case is before us for review on *certiorari*.

*Elliott G. Stevenson* and *Leo M. Butzel*, for relator.

*Otto Kirchner, Jacob C. Harper,* and *Thomas L. Johnson,* for respondent.

GRANT, J. (*after stating the facts*). It is, of course, the duty of those having a last will and testament in charge to promptly present it for probate upon the death of the testator. If they for any reason refuse or fail to do this, it is then the duty of those who are interested in having the will probated to take the proper steps for that purpose. The authorities, so far as we have been able to examine them, without exception, hold that the probate court of the domicile of the testator has exclusive jurisdiction to determine the validity of the will. If such will had been admitted to probate by a court having no jurisdiction, the decree or order of that court is not binding upon the court of the deceased's actual domicile. It may be binding as to property located within the jurisdiction of that court, but is not conclusive upon the courts of other jurisdictions, under the rule of State comity, or under the United States Constitution. If those interested, for any reason, fail to present a will for probate at the proper court of the domicile of the testator, any party interested in the estate as heir or creditor may present a petition for the appointment of an administrator, and it is no defense to this action to say that the deceased made a will which is beyond the jurisdiction of the court of the domicile.

Under the statutes of Ohio, there can be no contest in the probate court over the probate of a will. Only the witnesses to the will, and such other witnesses as any per-

son interested in having the same probated, can be called. Its validity in that State cannot be contested until it has been admitted to probate, and then by a proper suit for that purpose instituted in the court of common pleas. *In re Hathaway's Will*, 4 Ohio St. 383. Under the statutes of Michigan, the only place where the due execution of a will can be contested is in the probate court at the testator's domicile (3 Comp. Laws, § 9282), where all parties interested are entitled to notice, while in Ohio no notice is required to be given to any one. It was therefore held in that State that where the probate of a will was refused, and the parties had no notice of its refusal until too late to effect an appeal to the court of common pleas, they were entitled to repropound the will, notwithstanding the former order of refusal had not been vacated. *Feuchter* v. *Keyl*, 48 Ohio St. 357 (27 N. E. 860). It is also held in that State, after a careful review of the authorities, that the jurisdiction of a court in which a judgment was rendered may be inquired into, and, if it be shown that the facts essential to jurisdiction did not exist, the record is a nullity, notwithstanding the recitals therein. *Pennywit* v. *Foote*, 27 Ohio St. 600, 618 (22 Am. Rep. 340). A large number of authorities are there cited in support of the proposition. The supreme court of that State has also passed upon the question, in *Manuel* v. *Manuel*, 13 Ohio St. 458, in which the court holds that "the practice of first proving our wills in other States has never yet obtained." In that case the testator, whose domicile was in Ohio, made an olographic will in New Orleans, while on a visit there. The will was admitted to probate in New Orleans, and an authenticated copy brought to Ohio and admitted to record. A bill was filed to set aside the will as invalid under the laws of that State. It was held that a copy of the will was improperly admitted to record in that State, and, "by the settled rule of international law, the jurisdiction to determine the validity or invalidity of the will belongs to the courts of this State [Ohio]." So it is held in Mississippi that the capacity to make a will

must be determined alone by the laws of that State, the place of the domicile of the testator. *Bate* v. *Incisa*, 59 Miss. 513; *Sturdivant* v. *Neill*, 27 Miss. 157. So in New Hampshire it is held that an authenticated copy of a will and the probate thereof in a foreign country cannot be filed in a court of that State, where the domicile of the testator was in that State at the time of his death. *Stark* v. *Parker*, 56 N. H. 481. See, also, *Succession of Gaines*, 45 La. Ann. 1237 (14 South. 233).

This rule is also established by the Supreme Court of the United States. Where a transcript of the proceedings of the court of ordinary in a county in Georgia was offered for the purpose of showing that the decedent had died a resident of Georgia, intestate, and that the petitioner in a court for the District of Columbia was estopped to deny the fact, it was held that the grant of letters had no binding or probative force in contests respecting property lying outside the territorial dominion of the State of Georgia. *Overby* v. *Gordon*, 177 U. S. 214 (20 Sup. Ct. 603). The question is there thoroughly discussed, and many authorities cited. See, also, *Drexel* v. *Berney*, 122 U. S. 250 (7 Sup. Ct. 1200).

Where a divorce was obtained in the State of Indiana, where the husband and wife lived in Michigan, it was held that, while "the parties had their residence within this State, the courts of Indiana had no authority to consider the question of divorcing them." The respondent was charged with bigamy, and his decree of divorce in Indiana was held no defense. *People* v. *Dawell*, 25 Mich. 247 (12 Am. Rep. 260).

The learned counsel for the respondent cite and rely, among other cases, upon *Shannon* v. *Shannon*, 111 Mass. 331. The deceased, Mr. Shannon, formerly lived in Massachusetts, removed to Indiana in 1855, made a will in 1868, and died in 1869. After removing to Indiana he obtained a divorce from his wife, who resided in Massachusetts. She filed a petition for administration, claiming that his domicile was in Massachusetts, and that he died intestate.

The court did not dismiss the proceeding upon the ground that it would have had no jurisdiction if the domicile of the deceased had been at the time of his death in Massachusetts. It found as a fact that Mr. Shannon had acquired a domicile in Indiana before he made his will, and had not abandoned it when he died. For these reasons the court held that the court of Indiana had jurisdiction for the original and conclusive probate of the will. See, also, the language in *Bradley* v. *Broughton,* 34 Ala. 706, 707 (73 Am. Dec. 474).

It appears from the allegations in relator's petition that one of the executors filed a petition in the probate court for the county of Wayne for the probate of the will, but subsequently withdrew it, and now insists upon the proceeding in Ohio. The relator might, perhaps, have in his petition for administration said nothing about a will, though it is difficult to see how he could do so without placing the facts before the court, and alleging that the pretended will was void. He knew of the existence of the pretended will. It certainly is not in the power of executors, by suppressing a will, or by refusing to probate it at the place of the testator's domicile, to prevent those interested to defeat the will from having a hearing in the only court which has jurisdiction in the matter. It was the duty of the probate court to proceed with the case, and determine whether the domicile of the deceased was in Detroit. If the court shall find that his domicile was in Detroit, then it shall be its duty to proceed and determine whether the deceased died intestate. If the court finds that he died intestate, letters of administration must issue.

Judgment reversed, and case remanded for further proceedings, with costs to relator.

HOOKER, C. J., MOORE and MONTGOMERY, JJ., concurred. LONG, J., did not sit.