LAURA HAYFORD, Trustee,

*vs.*

MUNICIPAL OFFICERS OF THE CITY OF BANGOR.

Penobscot.    Opinion January 24, 1907.

*Certiorari.  Eminent  Domain.  Public  Exigency.  Legislative  Questions.  Dele-*
*gated Authority.    Constitution  of  Maine,  Article  I,  Section  21.*
*R. S., chapter 4, section 89.*

The writ of certiorari can only be issued to correct errors in law.

When the issue raised by the assignment of errors relates entirely to ques-
tions of fact to be determined by evidence outside of the record, such
questions cannot be reached by a writ of certiorari.

The writ of certiorari is not a writ of right but one of discretion. If the record
offered exhibits errors, it is within the discretion of the court to admit
evidence aliunde the record to show that, even though erroneous, justice
and equity do not require that it should be quashed. When such record
and evidence have been produced it is within the discretion of the court
to issue or refuse the writ.

The constitution of Maine, Article I, section 21, provides that "private
property shall not be taken for public uses without just compensation ;
nor unless the public exigencies require it."    Under this section, the
first proposition arising with respect to the taking of private property by
the right of eminent domain is whether the public exigency or necessity
requires it. This is a legislative question and is not open to judicial
revision.

The legislature by the enactment of section 89 of chapter 4 of the Revised
Statutes in relation to the taking of "suitable lands for . . . . a
public library building" by cities and towns, has not undertaken to say
that any specific piece of land may be taken but has declared that the
public exigency, requiring that some private property may be taken for
"a public library building," exists and thus the exigency or necessity is
established by the enactment of the statute authorizing the taking. In
such a case, municipal officers do not pass upon the question of necessity
as that has already been done by the legislature before the duties of the
municipal officers under this section of the statute begin.

The legislature having the constitutional right of taking lands for a public
purpose, also has the right to delegate such authority to municipal officers

and the act of municipal officers in the exercise of the authority conferred by R. S., chapter 4, section 89, to take land for a public library building is the exercise of a legislative function and is not reviewable by the court.

Not only is the question of exigency or necessity for the taking a matter for the legislature, or those to whom it delegates its authority, but also the extent to which property may be taken is also a matter for the legislature.

Petition for writ of certiorari. On report. Writ denied.

Petition for a writ of certiorari to quash a record of the municipal officers of the city of Bangor wherein are contained the proceedings of the city in taking certain real estate of the plaintiff, in said city, by right of eminent domain for a public library building, under the provisions of R. S., chapter 4, section 89.

Heard at the October term, 1906, of the Supreme Judicial Court, Penobscot County. At the conclusion of the evidence the case by agreement was reported to the Law Court "to be determined upon so much of the evidence as is legally admissible."

The case appears in the opinion.

*Charles F. Woodard and Erastus C. Ryder,* for plaintiff.

*E. P. Murray, C. A. Bailey and T. D. Bailey,* for defendant.

SITTING: EMERY, C. J., WHITEHOUSE, SAVAGE, POWERS, PEABODY, SPEAR, JJ.

SPEAR, J. This case involves an application for a writ of certiorari to quash a record of the municipal officers of the city of Bangor, wherein are contained the proceedings of the city, in taking certain real estate of the plaintiff by right of eminent domain for a public library building in accordance with R. S., chapter 4, section 89, which reads : "Any city or town containing more than one thousand inhabitants, upon petition in writing signed by at least thirty of its taxpaying citizens, directed to the municipal officers, describing the land to be taken as hereinafter provided, and the names of the owners thereof so far as they are known, at a meeting of such town, or of the mayor, aldermen and council of such city may direct such municipal officers to take suitable lands for public parks, squares or a public

library building; and thereupon such officers may take such land for such purposes, but not without consent of the owner, if at the time of filing such petition, with such officers, or in the office of the clerk of such town or city, such land is occupied by a dwelling-house wherein the owner or his family reside."

The grounds upon which the plaintiff claims the writ should be issued are stated as follows :

1. It is claimed by the plaintiff that the whole premises are not. necessary for a library lot; that the amount of land included in the premises is largely in excess of what is reasonably required for a public library building.

2. It is claimed that part of the premises is not adapted for use as a lot for a public library building, and therefore is not suitable for that purpose.

It does not appear to be alleged or claimed that any defect in the chain of proceedings required by law for a legal condemnation of the premises in question, is found in the record. In other words, the record discloses that all the proceedings in the taking of the land were regular. The contention of the plaintiff therefore, does not seek to assign any errors apparent upon the face of the record.

The issue which she raises in her assignment of errors relates entirely to questions of fact to be determined by evidence outside the record.

But such questions cannot be reached by a writ of certiorari. The writ can only be issued to correct errors in law. The petitioner can present no evidence de hors the record. It is not a writ of right but one of discretion. If the record offered exhibits errors, it is then within the discretion of the court to admit evidence aliunde the record to show that, even though erroneous, justice and equity do not require that it should be quashed. When such record and such evidence have been produced it is in the discretion of the court to issue or refuse the writ.

The authorities upon this branch of the case have so recently been considered in *Stevens* v. *County Commissioners*, 97 Maine, 121, that we need only to refer to this case as authority for the uniform practice in this State of issuing the writ of certiorari only upon evidence

presented by the record itself, and to correct errors in law. These conclusions are decisive of the plaintiff's case and require that the writ should be denied.

While the case may have been properly decided upon the production of the record only, yet, inasmuch as the plaintiff has presented and fully argued her contention upon the errors assigned, it is the opinion of the court that it may not be improper to briefly allude to the questions raised, waiving, arguendo, the fact that the case is concluded by the record.

The Constitution of Maine, Art. 1, sec. 21, provides that "private property shall not be taken for public uses without just compensation; nor unless the public exigencies require it." Under this section three propositions arise with respect to the taking of private property by the right of eminent domain. First, whether the public exigency or necessity requires it. Second, whether the taking is for a public use. Third, that just compensation must be made. The matter of compensation is not here raised. The first, so far as we are aware, is held to involve a legislative question and is not open to judicial revision. The second is a judicial question and may be reviewed by the court. Neither is this question raised in these proceedings.

In the case at bar, the plaintiff's first claim is "that the whole premises are not necessary for a library lot." The issue here raised by the plaintiff is clearly a subject for legislative action. Such action has been taken and promulgated in R. S., sec. 89, chap. 4, above quoted. The legislature has not undertaken to say, by its action, that any specific piece of land may be taken but has declared that the public exigency, requiring that some private property may be taken for a public library building, exists. And thus the exigency or necessity is established by the enactment of the statute authorizing the taking.

It will therefore be observed that the municipal officers do not pass upon the question of necessity. That has already been done by the legislature before their duties begin.

The exigency or necessity having been declared to exist, the act then prescribes the method of procedure for the condemnation of the

particular piece of property required to meet such exigency, and among other things delegates to the municipal officers authority to determine whether the land described in the petition of the "thirty tax paying citizens" is suitable, the mere exercise of legislative judgment by the tribunal appointed. Having determined that the land is· suitable, a duty preliminary to the taking, the municipal officers are then directed and authorized to take the land described for a public library building. Now if the legislature, having the constitutional right of taking lands for a public purpose, if necessary, have also the right to delegate such authority to the municipal officers, as they have undertaken to do by the terms of the statute quoted, then, no doubt can be entertained that the act of the municipal officers in the exercise of the authority conferred to take the land, was the exercise of a legislative function and not reviewable by the court. That the legislature can delegate such authority seems to be well established. In *Riche* v. *Bar Harbor Water Company*, 75 Maine, 91, it is said: "There is nothing better settled than the power of the legislature to exercise the right of eminent domain, for purposes of public utility. This may be done through the agency of private corporations although for private property when the public is thereby to be benefited. It is upon this principle that private corporations have been authorized to take private property for the purpose of making public highways, railroads, canals, erecting wharves and basins, establishing ferries, etc. The use being public, the determination of the legislature that the necessity which requires private property to be taken, exists, is conclusive." If the legislature can delegate to a private corporation the authority to pass upon the necessity of taking private property for a public use, a fortiori can it delegate such authority to a quasi public corporation.

Judge Dillon in his work on Municipal Corporations, 4th Ed. section 600, states the principle as follows: "Of the necessity, or expediency of exercising the right of eminent domain, in the appropriation of private property to public uses, the opinion of the legislature, or the corporate body or tribunal upon which it has conferred the power to determine the question, is conclusive upon the courts, since such a question is essentially political in its nature and not judicial.

Judge Cooley in his constitutional limitations, 7th Ed. page 77, approves of the above rule and proceeds to say with respect to a work of improvement of local importance, that the legislature not only may, but generally does, refer the question of necessity "which must be determined by a view of the facts which the people of the vicinity may be supposed best to know," to some local tribunal.    In *Lynch* v. *Forbes*, 161 Mass. 302, it is held that the body or individuals to whom the statute has delegated the authority to take by right of eminent domain "have the same power as the state acting through any regularly constituted authority would have."

It has also been held that not only the question of necessity and exigency for the taking are matters for the legislature, or those to whom it delegates its authority, but also the extent to which the property may be taken.

In *Shoemaker* v. *U. S.*, 147 U. S. 282, 289, it is held, "that the extent to which such property shall be taken, rests wholly in the legislative discretion subject only to the restraint that just compensation shall be made.    To the same effect is *United States* v. *Gettysburg Electric Ry.*, 160 U. S. 668.

Thus it will be seen that courts have no power to re-examine the question of necessity or exigency, or the extent to which land may be taken for a public use, unless that power is expressly reserved to them.

The only limitation which, by the authorities, seems to have been placed upon the right of the legislature, or those to whom they have delegated the power, to exercise the function of taking property by right of eminent domain, is found in the manifest abuse of the power granted or bad faith in its exercise.    A. & E. Ency. Law, 2d Ed. Vol. 10, page 1057; *Burnett* v. *Boston*, 173 Mass. 173 ; Old Colony Ry., Petr., 163 Mass. 356.

The second ground of complaint presented by the plaintiff is that "the premises is not adapted for use as a lot for a public library building, therefore is not suitable for that purpose."

This proposition has already been decided and need not be further discussed.

It seems to us to be well established that neither of the plaintiff's

assignments of error, if properly before us for decision, neither bad faith nor abuse of power being alleged, could be regarded as sufficient in law to defeat the proceedings of the respondents in taking the plaintiff's land for the location of a public library building.

*Writ denied.*

*Petition dismissed with costs.*