STATE EX REL. TRUSTEES OF THE LA CROSSE PUBLIC LI-
BRARY, Appellant, vs. BENTLEY, Mayor, and others, Re-
spondents.

*May 27—June 13, 1916.*

*Taxation: Municipal corporations: Public purpose: Libraries: Stat-
utes: Construction: Implied repeal: General law and special
city charter.*

1. The power of taxation cannot be conferred upon municipalities
   for other than public purposes.
2. The maintenance of public libraries is a public purpose, and mu-
   nicipalities may be authorized, as in sec. 931, Stats., to raise
   moneys therefor by taxation.
3. The authority given in said sec. 931 is not restricted to the sup-
   port of libraries established under secs. 931–936*a;* but moneys
   may be raised and appropriated for the support of other public
   libraries which are free and serve the whole public in the same
   way as do those established under the law.
4. The fact that a public library was established and is administered
   by a private corporation, controlled by a board of trustees who,
   except that the mayor of the city is *ex officio* a member, appoint
   their own successors, does not preclude the city from appropriat-
   ing to such corporation, for the support of the library, a library
   fund raised by taxation.
5. In determining whether a particular agency may be employed by
   the state or some particular subdivision thereof by legislative
   authorization to perform any particular work, the test is not
   whether the agency is public, but whether the purpose is public
   within the legitimate functions of our constitutional govern-
   ment.
6. Conflicts in statutes are to be avoided if that can be reasonably
   done; and a general statute is not to be construed as amending
   a special city charter if the two acts do not necessarily conflict
   in their operation.
7. The general law (sec. 931, Stats.) giving municipalities power to
   levy a tax to provide a library fund, does not conflict with or
   affect the special provision in the La Crosse city charter au-
   thorizing the common council to appropriate from the general
   fund a sum not exceeding $2,000 annually for the support of the
   La Crosse Public Library,—the two provisions having mani-
   festly been enacted for different purposes, and the exercise of
   one power not preventing the exercise of the other.

APPEAL from a judgment of the circuit court for La Crosse county: E. C. HIGBEE, Circuit Judge.   *Reversed.*

*The Trustees of The La Crosse Public Library* petitioned the circuit court for a peremptory writ of *mandamus* to compel the defendants to pay over to the petitioners the sum of $6,000 which had been levied and collected as a special library tax and by resolution of the common council of the city appropriated to the petitioners as trustees of the library.

The petition states the following facts: "The La Crosse Public Library" is a corporation duly incorporated under the laws of the state of Wisconsin; it was incorporated for the purpose of establishing and maintaining a public library for the benefit and free use of the people of the city of La Crosse; it maintains and operates such a library in a building equipped for that purpose pursuant to the will of C. C. Washburn; the original endowment fund of $50,000 given by the will of C. C. Washburn has been increased by other donations so that the annual income from such fund amounts to $3,000, all of which is devoted to the maintenance of this library in the city of La Crosse; the will of C. C. Washburn provides for the creation of a corporation for the administration of the funds given by the will and received from other donors under the management of a board of seven directors of such corporation, of which the mayor of the city of La Crosse is to be *ex officio* a member; such directors are to serve without compensation; the will named and appointed, in addition to the mayor of the city, six citizens of the city of La Crosse as trustees and provided that the trustees are to appoint their successors; since the year 1888 the city of La Crosse has appropriated some money every year for the maintenance of the library, and since the year 1903 the officers of the city have levied a special library tax of more than $2,000 annually and have paid the same to the petitioners for the support of this library; in November, 1915, the common council of the city of La Crosse, by resolution, provided that

a tax of $6,000 be levied and collected for the purpose of aiding and maintaining "The La Crosse Public Library" and such sum has been collected and kept separate from the other moneys of the city and is now in the city treasury; on the 10th day of March, 1916, the common council duly resolved that the sum of $6,000 be set aside and appropriated to "The La Crosse Public Library" from the library fund; demand has been made upon the defendants by petitioners for the payment of this fund as directed by the common council and each of the defendants refuses to comply with the resolution. The petitioners pray that a peremptory writ of *mandamus* issue commanding these defendants to issue an order on the city treasurer for the sum of $6,000, payable to *The Trustees of The La Crosse Public Library,* properly signed and countersigned, and that the city treasurer be commanded to pay the money pursuant to such order, and for such other judgment or relief as may be just.

The circuit court dismissed the petition upon its merits without costs to either party. From such judgment this appeal is taken.

For the appellant there was a brief by *Baldwin & Bosshard,* attorneys, and the *Attorney General,* of counsel, and oral argument by *Mr. C. L. Baldwin* and by the *Attorney General* as *amicus curiæ.*

For the respondents there was a brief by *Jesse E. Higbee,* city attorney, and *Warren B. Foster,* assistant city attorney, and oral argument by *Mr. Higbee.*

SIEBECKER, J.    The record shows that the defendants, as city officers, entertain a friendly attitude for the success of "The La Crosse Public Library," but refuse to take the necessary steps to pay the $6,000 involved in this litigation to the trustees of the library on the ground that the levy and collection of this sum as a library fund tax and its appropriation by the common council of the city to support "The La

Crosse Public Library" is without authority in law, and hence the action of the common council in raising this fund and so appropriating it is invalid and confers no right on the defendants to pay the money to petitioners as directed by the common council. This defense presents the question, Is the common council of the city authorized in law to levy and collect this tax and to appropriate the amount thereof for the maintenance of "The La Crosse Public Library"? The facts of the case show that the library managed by this corporation is as free and public in its functions and services to the people of the city of La Crosse as a library established pursuant to the provisions of secs. 931 to 936a, Stats. 1915. The bequest of C. C. Washburn indicates that he intended to endow and establish in perpetuity a library in the city of La Crosse to be administered by its citizens for the free use and benefit of the people of the city. It is manifest that this library in its objects and uses is in fact serving the purposes of such a library as is contemplated by the provisions of the statutes above cited and which declare that it is the public policy of this state that the equipment and maintenance of such libraries, as therein described, serve a useful public purpose by promoting the general educational interests of the people. The legislature obviously regards free public libraries as appropriate agencies to carry out such public purpose and hence granted to municipalities and towns the authority to levy special taxes for their support. The power of taxation cannot be conferred on these subordinate state agencies for any other than a public purpose. This has been declared in many cases. In *Att'y Gen. v. Eau Claire,* 37 Wis. 400, this court states: "In legislative grants of the power to municipal corporations the public use must appear. . . . The legislature can delegate the power to tax to municipal corporations for public purposes only; and the validity of the delegation rests on the public purpose." *State ex rel. Garrett v. Froehlich,* 118 Wis. 129, 94 N. W. 50; *Brodhead v.*

*Milwaukee,* 19 Wis. 624; *State ex rel. New Richmond v. Davidson,* 114 Wis. 563, 88 N. W. 596, 90 N. W. 1067. Since the purpose is public it is within the provisions of sec. 3, art. XI, of the state constitution.

It is urged that the provisions of the statute conferring power on municipalities and towns to raise money by taxation for establishing and maintaining libraries limited the use of such power to raise money only for the support of libraries that are established under the provisions of these statutes. The statutes in terms authorize the raising of library funds by taxation for the support and maintenance of any established secular and nonsectarian public library and reading room free to the inhabitants of a city, to be expended under the authority of its board of education. This indicates most directly that the legislative purpose in delegating this authority to raise money by taxation is not restricted to the support of libraries established pursuant to these statutes. The provisions of the law contain no restrictive terms indicating a purpose to limit this public support to any specific class of libraries and no sufficient reasons are apparent why the power should not be exerted by the proper authorities in support of free libraries that serve the whole public, as do those established by cities under the law. As shown by the instant case, "The La Crosse Public Library" renders all the service to the people of La Crosse that any library established by the city under the statutes could render, and the only point wherein the administration of its corporate affairs differs from one established by the city is that six of its seven trustees are selected by the corporate trustees instead of the common council, and the city mayor is *ex officio* made the seventh member. True, the expenditure of the money raised and the report thereof to the common council is not controlled by the statutory regulations which apply to trustees of libraries established by cities. However, the trustees of this library are in law required to devote the funds, furnished them by the city for its support, in all re-

spects as providently and appropriately for the benefit of all the people of the city as if they were selected by the common council. Should any delinquency occur in the faithful dis-charge of their public duties they would in equity be respon-sible for such defaults in the same measure as are the trustees of libraries established by cities. It is also obvious, should any occasion arise for complaint in any respect, that the peo-ple of the city would undoubtedly enforce their right of re-fusal to grant further support thereafter. We find no force in the argument that the levy, collection, and appropriation of the library funds raised by taxation in La Crosse by the common council to support this public library is an invalid exercise of the taxing power because the corporation that ad-ministers its affairs is a private corporation and controlled by a board of trustees who, except the city mayor, are pri-vately appointed.

"The test to be applied in determining whether a particu-lar agency may be employed by the state or some particular subdivision thereof by legislative authorization, to perform any particular work, is not whether the agency is public, *but whether the purpose is public within the legitimate functions of our constitutional government.* If the purpose be public and constitutional, and the agency be an appropriate means to accomplish it, and not expressly or by necessary implica-tion prohibited by state or national constitution, its employ-ment, under reasonable regulations for control and account-ability to secure public interests, is legitimate and constitu-tional. . . . As indicated in *Curtis's Adm'r v. Whipple,* 24 Wis. 350, it is not sufficient that an enterprise be one in which the public are interested and which might be conducted at public expense, to warrant the using of the taxing power to aid it *ex donatio;* but it may be used for the purpose of compensating for an equivalent in public service rendered under proper regulations to protect municipal interests, un-less the particular governmental function to which it relates is expressly or by necessary implication restricted to public agencies." *Wis. Ind. School v. Clark Co.* 103 Wis. 651, 667, 79 N. W. 422.

The city of La Crosse operates under a special charter. In 1889 the city charter was amended to read as follows: "The common council shall have power to appropriate and to pay out of the general fund for the support of the La Crosse Public Library such sums of money, not exceeding two thousand dollars per year, as it may deem expedient." This conferred a special authority on the common council to appropriate moneys for this purpose to a limited amount. The power conferred by sec. 931, Stats. 1915, is to levy a tax upon the taxable property of the city to provide a library fund. The purposes to which this fund may be applied we have already considered. It is obvious that it contemplates support of a public library different in nature and broader in scope than the special charter provision above quoted. Conflicts in statutes are to be avoided if that can be reasonably done. Furthermore, a general statute is not to be construed as amending a special charter if the two acts do not of necessity conflict in their operation. By sec. 4986, Stats. 1915, it is also declared that a variance between a general law and charter provision shall not abolish the special charter provision when a different intention be plainly manifest. The authority to provide a library fund as provided in sec. 931, Stats. 1915, and the special provision of the La Crosse city charter were manifestly enacted for different purposes and the exercise of one of these powers does not prevent the exercise of the other. Under such conditions it must be held that the general law does not affect the special charter provision and both can stand as enacted.

The result of the foregoing considerations is that the petitioners are legally entitled to have the $6,000, raised as a library tax by the city, paid to them pursuant to the resolution of the common council.

*By the Court.*—The judgment appealed from is reversed, and the cause remanded to the circuit court with direction to grant the writ as prayed in the petition.