Rehfuss, Appellant, vs. City of La Crosse, Respondent.

*May 5—June 1, 1942.*

For the appellant there was a brief by *Baldwin & Bosshard* of La Crosse, and oral argument by *Otto Bosshard*.

*Fred E. Steele,* city attorney, for the respondent.

ROSENBERRY, C. J. We shall consider the principal contention made by the plaintiff without deciding whether the action was begun in the proper form. The contention of the plaintiff here is that the city of La Crosse may not condemn lands for the benefit of the La Crosse Public Library for the reason that the La Crosse Public Library is a private corporation; that the power conferred upon the city by sec. 62.22, Stats., cannot be exercised for the benefit of a private corporation. This argument is based upon the fact that the city of La Crosse has no control or authority over the library which is managed and conducted by the trustees of the La Crosse Public Library. The real question for decision is whether the lands in question were acquired by the defendant city for a public purpose. The mere fact that the legal title of the property owned by the La Crosse Public Library is in a private corporation does not prevent it from being devoted to a public use. Ch. 32, Stats., expressly authorizes the exercise of the power of eminent domain for the benefit of private

corporations, among which are telegraph and telephone corporations, corporations formed for the improvement of any stream, for log-driving purposes, railroad corporations, and many others. It is not doubted that the power of eminent domain may be exercised by such corporations where the use to which property is to be devoted is a public use. It has been so held in many cases.

It is stated in the complaint that the La Crosse Public Library is as its name implies a public and not a private library. That the maintenance and operation of a library by a nonprofit corporation for the use of the general public is a public purpose cannot be questioned. It was so held in *State ex rel. La Crosse Public Library v. Bentley* (1916), 163 Wis. 632, 158 N. W. 306. The mere fact that the city of La Crosse has no voice in the election of trustees of the La Crosse Public Library has no bearing upon the question for decision. Public authorities have no choice in the election of the board of directors of railroads, telegraph, telephone, and many other corporations for whose benefit the power of eminent domain is exercised. The use of lands upon which public-library buildings are to be constructed and operated is likewise a use for the benefit of the public and therefore a public use. The condemnation of such lands is expressly authorized by sec. 62.22, Stats. The case of *State ex rel. La Crosse Public Library v. Bentley, supra,* is decisive of the questions raised in this case.

*By the Court.*—Order appealed from is affirmed.