### Dorothy M. RUBIN

v.

### W. H. HINMAN, INC.

Supreme Judicial Court of Maine.

May 28, 1969.

Richard B. Sanborn, Augusta, for plaintiff.

Joseph B. Campbell, Augusta, for defendant.

Before WEBBER, TAPLEY, MARDEN, DUFRESNE and WEATHERBEE, JJ.

WEBBER, Justice.

On report. This was an action for trespass brought by plaintiff property owner against defendant road contractor. The defendant entered upon plaintiff's property without permission, dug a trench and laid a pipe therein. The parties recognize that defendant is justified if and only if the State Highway Commission had lawfully taken a drainage easement over the plaintiff's property for highway purposes. Each party seasonably filed motion for summary judgment, there being no dispute as to material facts. Report was by agreement ordered upon the complaint, answer, plaintiff's answers to interrogatories, the deposition of the Chairman of the State Highway Commission, certain exhibits, affidavits and a stipulation of counsel.

On May 13, 1964 the City of Bath and the State Highway Commission executed an agreement by the terms of which the Commission agreed to designate Western Avenue, a city street, as a state highway "for the purpose of acquisition of right of

way and construction with the provision that upon completion that (sic) the designations will be rescinded and these public ways will become city streets." The purpose of the taking and the agreement was to create a trunk highway through the City of Bath with controlled access and limited parking. The drainage easement was in service of the new highway, whether it was designated a state highway or, as contemplated, later reverted to the status of a carefully regulated city street.

The first issue raised by these facts is whether or not the taking was invalidated by the effect of the agreement for reversion to municipal control. The plaintiff contends that this is a misuse of the power of eminent domain delegated to the State Highway Commission, and therefore stands on no higher footing than did the taking *for a private purpose* (lumbering operations) held unlawful in Paine v. Savage (1927) 126 Me. 121, 136 A. 664, 51 A.L.R. 1194, or in Brown v. Gerald (1905) 100 Me. 351, 61 A. 785, 70 L.R.A. 472 (manufacturing plant). Our attention is also called to the wording of 23 M.R.S.A. Sec. 153 which states: "The commission may * * * take over and hold for the State, such * * * land as it may deem necessary to * * * construct, * * *, or to provide drainage for, * * * any state or state aid highway, * * *." Plaintiff contends that this language does not permit a taking to hold for a municipality or for construction or drainage of a city street. We do not think the statute was intended to prevent the designation of a state highway, or the taking therefor, even though it is known or recognized at the outset that the designation will be or may be temporary. The statute must be read in conjunction with 23 M.R.S.A. Sec. 651 which provides in part: "It (the Commission) may discontinue a highway, or a portion thereof, as a state or state aid highway and the same shall be thereafter maintained by the town or county originally liable therefor except as otherwise provided." In our view the statutes recognize that

highway conditions change and no degree of permanence is required or expected with respect to any segment of the state highway system. Moreover, the principle relied upon in Paine is not applicable here. Paine requires no more than that there be a public rather than a private use to justify a taking. In the instant case there is a continuing public use whether the public way be state controlled or municipally controlled.

In State v. 4.7 Acres of Land (1948) 95 N.H. 291, 62 A.2d 732, 735, the Legislature authorized the Governor and Council to take certain land for park purposes, the property after the taking to be transferred to a town. The court held the provision for transfer did not invalidate the proceedings, since "[t]he public character of the park is to be preserved."

In Rehfuss v. City of La Crosse (1942) 240 Wis. 619, 4 N.W.2d 125 the taking was by a city for use as a public library, the library to be turned over to and operated by a private corporation but for the use and benefit of the public. The court validated the eminent domain proceedings, applying the same test of continuing public use.

An analogous situation has arisen where state condemnations have been used to benefit the United States. The applicable law is summarized by 26 Am.Jur.2d 653, Sec. 12 in these terms: "It may be laid down as a general rule now that the exercise of the power of eminent domain by a state or under the authority of a state, if otherwise valid, is not invalidated by the fact that the power is exercised for the benefit or use in whole or in part of the United States. Moreover, the general rule has been applied where the condemnation proceedings were instituted and prosecuted by the state itself or one of its subdivisions and the objection was that it was the intention to convey the property, after it was appropriated by the state or its subdivision, to the United States." In Fishel v. City and County of Denver (1940) 106 Colo.

576, 108 P.2d 236, 240; State ex rel. Thomas Furnace Co. v. City of Milwaukee (1914) 156 Wis. 549, 146 N.W. 775 and Lancey v. King County (1896) 15 Wash. 9, 45 P. 645, 34 L.R.A. 817, the courts reached the result stated in the text quoted above, relying upon the principle of continuing public use. See Anno. 143 A.L.R. 1040.

We are satisfied that these condemnation proceedings by the State Highway Commission, otherwise valid, were not invalidated by an existing intention and even an agreement to transfer the public way at some later date from state to municipal control. The public use which justified the taking remained the same under either authority.

 The second issue relates to the plaintiff's contention that the Commission failed to negotiate with her for the purchase of an easement before resorting to eminent domain proceedings. It is true that in a number of states, statutes provide in certain instances that a taking is permissible only if and when efforts to acquire by purchase are unsuccessful. An Annotation in 90 A.L.R.2d 211 assembles and analyzes the cases which in essence establish the requirements for reasonable efforts to negotiate. No such requirement is imposed however by 23 M.R.S.A., Sec. 154 which provides for condemnation proceedings on the part of the State Highway Commission. That section provides in pertinent part:

"If the commission determines that public exigency requires the taking of such land * * * or any interest therein *forthwith, or* is unable to purchase such land * * * at what it deems a reasonable valuation, *or* if the title is defective, it shall file" etc. (Emphasis ours)

This section must be read in conjunction with Sec. 153 which in effect confers the broad powers of eminent domain upon the Commission for the public purposes of "construction, improvement and maintenance of state and state aid highways."

It will be noted that Section 154 provides three alternative conditions justifying use of the power. The undisputed evidence shows that the Commission at a meeting on March 17, 1965 "determined that the public exigency required the taking forthwith" of the easement in question.

The Legislature, having made the *general* determination by Sec. 153 that the public exigency requires that some property be taken for highway purposes, properly delegated to the Commission the authority to determine *specifically* that public necessity requires the taking of a particular property for such purpose, fixing the time and extent of such taking. This constitutes a delegation of a power initially vested in the legislature and the question of public exigency as determined by the authorized person or body is "legislative" and "political" and not subject to judicial review. Nichols on Eminent Domain, Vol. 1, Page 329, Sec. 3.21 [3] states the rule in these terms, "Thus such grantee of the power may determine, without being subject to judicial review, (a) whether the power shall be invoked, and (b) *the time when* and the extent to which it shall be invoked." (Emphasis supplied). Hayford v. City of Bangor (1907) 102 Me. 340, 66 A. 731, 11 L.R.A.,N.S., 940; Bowden v. York Shore Water Co. (1915) 114 Me. 150, 95 A. 779; Smith v. Speers (1969) 253 A.2d (Me.). 701 (Opinion certified May 20, 1969). Since the taking here was predicated on a determination that the public exigency required such taking forthwith, not reviewable, there was no requirement of preliminary negotiation for purchase.

██ The third and last contention of plaintiff is that the taking is invalidated by the fact that on March 31, 1965 the Commission gave notice of taking and included therewith a statement setting forth as the proposed date for taking possession March 31, 1965, said notice and statement having been received by plaintiff on April 1, 1965. 23 M.R.S.A., Sec. 154, provides that in addition to service by copy of the notice of condemnation there shall be served on

the owner "a statement by the commission * * * which shall state: 1. Date of proposed possession. The proposed date of taking possession." This section later provides that "the recording of the notice of condemnation shall be the date of taking and shall vest title to the property therein described in the State in fee simple * * *." The above quoted provisions with respect to a "statement" by the Commission first appeared in the statutes in P.L. 1961, Ch. 295, Sec. 3. Prior to 1961 the controlling statute was R.S.1954, Ch. 23, Sec. 21 which contained no language pertaining to a "proposed date of taking possession." In Williams et al. v. State Highway Commission (1961) 157 Me. 324, 327, 172 A.2d 625, 626 we interpreted the law as it stood before the 1961 amendment. Pointing out that by express statutory language the fee was vested in the State upon recording the description of the property taken, we said, "All incidents of proprietorship such as entry, use, occupation, rents and profits thus inured at once to the condemner. The State became entitled forthwith to institute against the plaintiffs a possessory action." We are satisfied that the above quoted language inserted by the 1961 amendment works no change in the law with respect to vesting of title or the validity of the condemnation. It deals only with possessory rights. If the State had sought to take possession prior to the date of the recording and the vesting of title, plaintiff could have protected her possession. If the State had "proposed" a date for taking possession subsequent to the date when title vested, plaintiff might well be heard to argue that the State had thereby waived its right to take possession at an earlier date. But neither supposition is applicable here. In the instant case the State did no more than make the right to possession accrue upon the vesting of title as it had a right to do.

As to the effect of any technical insufficiency in giving notice of a proposed date for possession upon the validity of the taking, we think the language in Wilson v. Simmons (1896) 89 Me. 242, 254, 255, 36 A. 380 is fully applicable. Therein it was stated:

"If there be an omission of any of the essential jurisdictional requisites, the proceedings will be void. If, however, the defect is not so radical as to deprive the council of jurisdiction, but is only a deviation from certain minor provisions, designed to secure method and convenience in the procedure, it may properly be termed an irregularity only; and if the rights of the landowner would not be injuriously affected thereby, it will not vitiate the proceedings. * * * If it is apparent that no injustice would be occasioned to landowners by sustaining the proceedings, on the one hand, and, on the other, that great injustice and consequences mischievous and far reaching would inevitably result from a nullification of the action, the defect may well be treated as an irregularity only."

The entry will be

Plaintiff's motion for summary judgment denied. Defendant's motion for summary judgment granted. Judgment for the defendant.

WILLIAMSON, C. J., did not sit.