ELAINE F. ELLIBEE, R.N., Secretary State of Wisconsin Board ofNursing
You have asked my opinion whether a licensed practical nurse may be employed for compensation and given the duties of a *Page 72 
"charge nurse" in a Wisconsin health care facility or ward, and whether it is within the province of the Board of Nursing to determine whether the function of "charge nurse" constitutes the practices of professional nursing as defined in ch. 441, Stats.
It is my opinion that a licensed practical nurse may function as a "charge nurse," and that a blanket determination of whether the function of a "charge nurse" constitutes the practice of professional nursing is outside of the province of the Board of Nursing.
In your letter you advise that certain health facilities — particularly nursing homes — utilize licensed practical nurses in a position designated as "charge nurse." You indicate that the "charge nurse" will be, for substantial periods of time, the senior health practitioner at a facility.
 1. Your first question is: May a person not a registered nurse lawfully undertake for compensation the responsibilities of a "charge nurse" in a Wisconsin health care facility or ward?
As you have indicated, the designation "charge nurse" is not a title utilized to describe a type of or subclassification of the nursing practice. It is not described in either the statutory sections providing for the licensing of nurses both professional and practical, nor included within the regulations of the Nursing Board.
The answer to your questions requires a balancing of the duties and powers of two state authorities, the Department of Health and Social Services which is responsible for the development and enforcement of standards for nursing homes pursuant to sec. 146.30 (2), Stats.; and the Board of Nursing which is responsible for the enforcement of ch. 441, Stats., relating to the practice of nursing.
Wherever possible, statutes and rules thereunder should be construed to avoid conflict, State ex rel. La Crosse PublicLibrary v. Bentley (1916), 163 Wis. 632, 158 N.W. 306. It is my opinion that the rules promulgated by the Department of Health and Social Services under 146.30 (2) establishing minimum staffing patterns can be construed to avoid conflict with ch. 441, Stats., and the duties of the Board of Nursing. *Page 73 
Section 146.30 (2), Stats., provides in pertinent part:
 "STANDARDS. The department may develop, establish and enforce standards for the care, treatment, health, safety, welfare and comfort of patients in nursing homes and for the construction, general hygiene, maintenance and operation of nursing homes, which, in the light of advancing knowledge, will promote safe and adequate accommodation, care and treatment of such patients in nursing homes; and promulgate and enforce rules consistent with this section . . . ."
Pursuant to sec. 146.30 (2), Stats., the Department of Health and Social Services has promulgated rules establishing minimum staffing requirements for nursing homes. The nursing home rules classify homes by the general level of care provided. The minimum staffing requirements are determined by the level of care required and number of patients residing in the home. The minimum requirement for any nursing home is one registered professional nurse. This professional nurse is responsible for supervision of the nursing staff.
All nursing homes must provide 24-hour nursing service. Section H 32.08 (5), Wis. Adm. Code, adopted pursuant to sec. 146.30 (2), Stats., requires that on each tour of duty a nurse be designated as a "charge nurse." The "charge nurse" is to take charge of the tour of duty.
The function of the "charge nurse" is distinct from the supervision of the nursing staff by a professional nurse which is also required at all times. The "charge nurse" is physically present at the facility. The professional nurse/supervisor may not be physically present at the facility at all times.
Supervision does not require the immediate physical presence of the professional nurse, but may be satisfied by having a professional nurse on call, Huss v. Vande Hey (1965), 29 Wis.2d 34,138 N.W.2d 192. The supervision must, however, be "specific." I would conclude that the "specific direction" for acts beyond simple acts is not satisfied by general instructions or directions, but requires individualized instructions by the professional nurse or physician related to the particular problem.
I do not find that the duties of a "charge nurse" are necessarily incompatible with the authority of a licensed practical nurse under *Page 74 
sec. 441.11 (2), Stats. Where patients are in a stable clinical condition, under conditions of fixed care and defined procedure, a practical nurse may properly make rounds, review records and note changes. These acts can be within the scope of training provided for licensed practical nurses (see N 3.04, Wis. Adm. Code), and can be simple acts not requiring substantial nursing skills and/or, can be acts which may be performed under the supervision of the professional nurse. A practical nurse functioning as a "charge nurse" must, however, carefully avoid engaging in the practice of professional nursing.
The Board of Nursing is responsible for the interpretation and application of ch. 441 and in particular for the enforcement of sec. 441.11 (1), Stats., regulating the practice of professional nursing.
Under sec. 156.30 (2), Stats., the Department of Health and Social Services is authorized to "develop, establish and enforce" standards in nursing homes for the "care, treatment, health, safety, welfare and comfort of patients in nursing homes." Thus, while it is within the jurisdiction of the Department of Health and Social Services to prescribe minimum staffing requirements for nursing homes, and within the jurisdiction of the Department of Health and Social Services to determine whether a professional nurse is required on a particular tour, there is no authority in the Department of Health and Social Services to authorize any practical nurse to engage in acts that would be in violation of sec. 441.11 (1). In particular H 32.08 (5) cannot authorize a practical nurse to act as a nursing supervisor, or engage in any act, except under specific direction, which involves substantial nursing skills.
Although the Board of Nursing may not make a blanket determination that "charge nurses" be professional nurses, the Board may apply the provisions of ch. 441 and the sanctions therein to any practical nurse who engages in the practice of professional nursing, while acting as a "charge nurse." The provisions of sec. 441.13 (1) set forth below would also appear to apply to the nursing home operator who "knowingly employ[s] another in violation of [chapter 411].
Section 441.11 (1), Stats., provides:
 "PRACTICE OF PROFESSIONAL NURSING. The practice of professional nursing within the terms of this *Page 75 
chapter means the performance for compensation of any act in the observation or care of the ill, injured or infirm, or for the maintenance of health or prevention of illness of others, which act requires substantial nursing skill, knowledge or training, or application of nursing principles based on biological, physical and social sciences, such as the supervision of a patient, the observation and recording of symptoms and reactions, the execution of procedures and techniques in the treatment of the sick under the general or special supervision or direction of a physician, the execution of general nursing procedures and techniques and the supervision and direction of trained practical nurses and less skilled assistants."
Section 441.13 (1), Stats., provides:
 "Any person violating this chapter or knowingly employing another in violation of this chapter may be fined not more than $250 or imprisoned not more than one year in the county jail."
A violation of ch. 441 must be determined on the particular facts of the situation in light of sec. 441.11 (1) and (2), Stats., and appropriate Board rules. Because it is clearly possible, as a matter of fact, to function as a "charge nurse" and not violate sec. 441.11 (1), an assumption that functioning as a "charge nurse" of itself constitutes the practice of professional nursing would be improper.
In conclusion, it is my opinion that within the limits set forth in this opinion, and prescribed by ch. 441, Stats., and rules promulgated thereunder, a licensed practical nurse may be employed for pay as a "charge nurse" under H 32.08.
 2. Your second question asks whether it is within the province of the Board of Nursing to determine whether the "charge nurse" function constitutes the practice of professional nursing.
The answer to your second question is contained in the answer to question number one. While it is an appropriate function for the Board of Nurses to determine, within the limits of sec. 441.11, what activities require substantial nursing skills and what activities are "simple" and thus within the scope of practical nursing, the Board may not conclude that a "charge nurse" must necessarily be *Page 76 
a professional nurse. Such a determination would be an undue intrusion into the area of jurisdiction of the Department of Health and Social Services and would probably be incorrect as a matter of fact.
The Board may, based on evidence available to it, seek to institute prosecution for violation of sec. 441.11, Stats.
 3. Your third question asks whether the answer to question number one is dependent on whether the condition of the patients in a given facility represents a "simple" or a "complex" nursing situation.
The answer is no. The general level of care required in a nursing home facility is obviously relevant to determining whether a professional nurse or a licensed practical nurse may act as a "charge nurse" and also is relevant to determining whether any particular actions are the practice of professional nursing.
The possibility that "complex" situations may arise will not of itself determine whether a licensed practical nurse may function as a "charge nurse." A licensed practical nurse may act even in "complex" situations under appropriate supervision. The Board is required to interpret supervision in the same way that the term has been interpreted by the Wisconsin Supreme Court in Huss v.Vande Hey, supra.
 4. Your fourth question is whether the availability by telephone of an off-duty registered nurse constitutes a "constructive presence" such that the off-duty registered nurse is "in charge."
As I have concluded that a licensed practical nurse may function as a "charge nurse," it is not necessary to create a "constructive presence." However, the general requirement that a professional nurse be on call to provide supervision is an essential aspect of my opinion.
 5. Finally, you ask what are the liabilities if any (a) of the practical nurse who assumes the responsibilities of a "charge nurse"; and (b) of the employer or registered nurse who causes the practical nurse to assume such responsibilities.
Both the licensed practical nurse and the employer may be prosecuted if they violate sec. 441.11, Stats. *Page 77 
The employment of a licensed practical nurse as a "charge nurse" under the conditions I have discussed above would not, of itself, constitute negligent or tortious conduct.
BCL:RDR